File Name: 26a0180n.06
NOT RECOMMENDED FOR PUBLICATION

Case No. 25-1880

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 20, 2026

KELLY L. STEPHENS, Clerk

| | |
|---|---|
| MONTAZ LEE KENNEDY, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| INDIA SMITH, | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |
| | ) O P I N I O N |

Before: KETHLEDGE, NALBANDIAN, and RITZ, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Montaz Kennedy brought a First Amendment retaliation claim against police officer India Smith arising from threats that Smith allegedly made toward Kennedy. The district court denied qualified immunity to Smith on summary judgment. And Smith now appeals. But we don't need to reach the merits of Smith's qualified-immunity defense. That's because the district court didn't abuse its discretion in concluding that Smith forfeited the defense by making a perfunctory argument. So we dismiss Smith's appeal for lack of jurisdiction.

**I.**

Montaz Kennedy's claim arises from an encounter with India Smith, a Highland Park, Michigan police officer, at a homeless shelter where Kennedy lived. After questioning another resident of the shelter about a robbery, Smith overheard Kennedy calling one of her questions "dumb." R.50-1, Kennedy Dep., PageID 471. Kennedy also told the resident to get Smith's name and badge number. Smith allegedly retaliated against Kennedy by threatening to arrest him and

telling the shelter's director that Kennedy was interfering with a criminal investigation, jeopardizing Kennedy's ability to live there. Proceeding pro se, Kennedy brought a 42 U.S.C. § 1983 action alleging a First Amendment retaliation claim against Smith.

Smith moved for summary judgment, "arguing" that qualified immunity barred relief and that Kennedy couldn't establish the "adverse action" element of his retaliation claim. In Smith's brief, after spending about one-and-a-half pages reciting the legal standard for qualified immunity, her application of that standard to this case was this:

> At all times, Officer Smith was acting in a lawful and/or immune fashion. Plaintiff has failed to establish an unlawful act committed by Officer Smith nor her understanding of a violation of said unlawful act.

R.50, Smith's Mot. for Summ. J., PageID 456. The remaining two pages of the brief addressed Kennedy's failure to establish an adverse action.

A magistrate judge recommended denial of summary judgment. The magistrate judge found that Smith had forfeited qualified immunity because her two-sentence argument was undeveloped and conclusory. And, in the alternative, the defense failed on the merits. The magistrate judge also found that Kennedy had raised a question of material fact as to the "adverse action" element. The district court adopted the magistrate judge's recommendation over Smith's objections. So Smith filed this interlocutory appeal, limiting the appeal to "whether the District Court mistakenly held that Defendant's actions violated clearly established law." R.94, Notice of Appeal, PageID 1048.

## II.

Kennedy, represented by counsel for the first time on appeal, argues that the district court didn't abuse its discretion in finding that Smith forfeited her qualified-immunity defense. And he argues that Smith forfeited the defense on appeal by, once again, failing to develop an argument

in her opening brief. Because we agree with Kennedy that the district court didn't abuse its discretion, we don't need to address the merits of the defense or whether Smith's appellate briefing forfeited the defense.

"We review a district court's ruling on forfeiture for an abuse of discretion." *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012); *see also Norton Outdoor Advert., Inc. v. Village of St. Bernard*, 168 F.4th 897, 905 (6th Cir. 2026). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Norton*, 168 F.4th at 905 (citation modified).

To avoid forfeiture, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation modified). So when a party mentions a defense "in [her] motion for summary judgment in a perfunctory manner, devoid of applied facts or developed argumentation," she forfeits the defense. *Cockrun v. Berrien County*, 101 F.4th 416, 419 (6th Cir. 2024). And we don't review issues forfeited before the district court except in "exceptional cases or particular circumstances" or to prevent a "plain miscarriage of justice"—a discretion "we have rarely exercised." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (citation modified); *see also Cockrun*, 101 F.4th at 420.

It's true that a qualified-immunity defense is unusual in that the defendant doesn't bear the full burden of showing the defense. If the defendant properly raises qualified immunity, the burden shifts to the plaintiff to satisfy the two-prong test by showing "that (1) the defendant violated a constitutional right and (2) that right was clearly established." *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016). But to properly raise a qualified-immunity defense before the district court,

3

and therefore preserve the defense, defendants must do more than merely "describe[] the qualified immunity two-prong test." *Watkins v. Healy*, 986 F.3d 648, 666 (6th Cir. 2021). They must "com[e] forward with facts to suggest that they were acting within the scope of their discretionary authority," *Cockrun*, 101 F.4th at 419, and "connect the facts" to the "two-pronged test," *Ashford v. Univ. of Michigan*, 89 F.4th 960, 975 (6th Cir. 2024); *see also Tamm v. Nerad*, 2025 WL 2674302, at *8 (6th Cir. Sep. 8, 2025). In other words, the defendant can't just say "qualified immunity" and expect the plaintiff's case to collapse.

So in *Watkins*, we concluded that the defendant forfeited his qualified-immunity defense when he had "supplie[d] one paragraph that describe[d] the qualified immunity two-prong test without any application to the present case" in his briefing to the district court. 986 F.3d at 666–67. And in *Cockrun*, we concluded that the defendants' six sentences to the district court referencing their assertion of qualified immunity were insufficient to preserve the defense. *See* 101 F.4th at 418–19. The defendants hadn't connected their alleged actions to the qualified-immunity test; in fact, they hadn't even cited the legal standard for qualified immunity. *Id.* at 418; *see also Evans v. Vinson*, 427 F. App'x 437, 447 (6th Cir. 2011) (concluding that the defendants forfeited a qualified-immunity defense when they asserted it "in a one-and-a-half page statement of the law with no attempt at argument").

Here, the district court concluded that Smith's "abject failure to make any effort to develop reasoned argumentation" forfeited her qualified-immunity defense. R.92, Order, PageID 1040 (citing *Cockrun*, 101 F.4th at 419). It's not hard to see why the district court reached this conclusion. Smith's two-sentence argument was perfunctory and didn't connect the case's facts to the qualified-immunity test. *See, e.g.*, *United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007) (describing the party's two-sentence argument as a "near-paradigmatic example of perfunctory

argument" and deeming it forfeited). To make things worse, as the district court found, Smith's "failure to develop a qualified immunity argument persist[ed]" in her objections to the magistrate judge's recommendation. R.92, Order, PageID 1040.

It's conceivable, however, that the district court could've assembled a qualified-immunity argument on Smith's behalf by pulling content from other sections of her summary-judgment brief. In a First Amendment retaliation claim, the plaintiff must establish three elements: (1) protected speech, (2) adverse action, and (3) causation. *See Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021). And in the latter section of her brief, Smith presented a cursory argument for why Kennedy couldn't establish the "adverse action" element. Though this argument relates to qualified immunity's first prong, Smith never connected the argument to qualified immunity. Just as a district court doesn't abuse its discretion by declining to put flesh on the bones of a skeletal argument, it doesn't abuse its discretion by declining to assemble a skeleton from a pile of bones dropped at its feet. *See Yeomalakis v. FDIC*, 562 F.3d 56, 61 (1st Cir. 2009) ("It is not [a court's] job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief.").

To excuse her perfunctory briefing, Smith relies on *McNeal v. Kott*, 590 F. App'x 566 (6th Cir. 2014), to argue that forfeiture doesn't apply when an issue is raised at a "pragmatically sufficient time" and the other party "was not prejudiced in his ability to respond." *Id.* at 569 (citation modified). But we explained in *Cockrun* how *McNeal*'s procedural history made it unique. *See Cockrun*, 101 F.4th at 420 (noting how the issue of forfeiture arose after the district court had already denied the defendants' qualified-immunity defense on the merits three times).

Regardless, accepting Smith's *McNeal* standard, it wasn't outside the "range of plausible assessments" for the district court to view Kennedy's ability to respond prejudiced. *See Norton*,

5

168 F.4th at 905 (citation modified). In a First Amendment retaliation claim, a qualified-immunity defense can succeed based on just one of the claim's three elements. *Cf. Josephson v. Ganzel*, 115 F.4th 771, 789–90 (6th Cir. 2024) (separately analyzing whether it was clearly established that defendants' actions were "adverse actions" and whether it was clearly established that plaintiff's speech was protected). Perhaps it wasn't clearly established that the plaintiff's speech was protected, or maybe it wasn't clearly established that the defendant's conduct amounted to an adverse action. But Smith's sparse invocation of the defense—without connecting it to the facts— gave Kennedy no indication of Smith's position, frustrating Kennedy's ability to respond. And unlike *McNeal*, Kennedy didn't have the benefit of earlier briefing or decisions on the issue.

But Smith argues that Kennedy wasn't prejudiced because he responded to the defense on the merits in his briefing. We rejected that argument in *Cockrun*. There, the defendants resisted forfeiture by pointing to the fact that plaintiff responded to their invocation of qualified immunity. *Cockrun*, 101 F.4th at 420 n.2. We noted, however, that the plaintiff "had no way of responding to the actual argument, because [the defendants] did not make any argument." *Id.* And we declined to "penalize[]" the plaintiff "for presenting a thorough counterargument to what she *guessed* [the defendants'] argument to be." *Id.* The same goes for Kennedy. The district court didn't commit a clear error in judgment by declining to penalize Kennedy for Smith's perfunctory argument.

So we can't say that the district court abused its discretion by viewing Smith's qualified-immunity defense as forfeited. Its conclusion didn't spring from a factual or legal error, nor was it a clear error of judgment. Finally, Smith doesn't present an argument for why her appeal presents an exceptional case or a plain miscarriage of justice that would warrant the rare step of exercising our discretion to review a forfeited issue. *See, e.g., Cockrun*, 101 F.4th at 420; *Scottsdale*, 513 F.3d at 552–53.

6

With the district court's ruling on forfeiture affirmed, Smith's interlocutory appeal doesn't raise a preserved legal question and "is simply a summary judgment argument over which we do not have jurisdiction." *Cockrun*, 101 F.4th at 421. So we dismiss Smith's appeal for lack of jurisdiction.